UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | |
|---|---|
| **REGINALD STEVENS** <br> FED. REG. NO. 12756-035 | **CIVIL ACTION NO. 09-0080** <br> **SECTION P** |
| VS. | JUDGE MINALDI |
| UNITED STATES OF AMERICA | MAGISTRATE JUDGE KAY |

## REPORT AND RECOMMENDATION

*Pro se* petitioner Reginald Stevens filed a Petition for Writ of Habeas Corpus (28 U.S.C. § 2241) in this Court on January 13, 2009 and supplemented the Petition on February 3, 2009. Doc. 1; Doc. 3. Petitioner is an inmate in the custody of the Federal Bureau of Prisons. He is incarcerated at the Federal Corrections Institute – Beaumont Medium, in Beaumont, Texas. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court. For the following reasons it is recommended that the pleadings be **DISMISSED WITH PREJUDICE.**

### *Background*

On May 25, 2006, petitioner pled guilty to a charge of possession with intent to distribute cocaine base in the Federal District Court for the Western District of Louisiana. *United States v. Reginald Stevens*, Western District of Louisiana, No. 2:05-cr-20137-001, Doc. 44. On September 28, 2006, he was sentenced to serve a 120 month sentence. *Id.*, Doc. 56. The court ordered the sentence to run concurrently with a previously imposed State sentence and ordered that petitioner be given credit for time served. *Id.*, Doc. 57.

On January 13, 2008, Stevens filed his original pleading in the above captioned case. Doc. 1. He entitled this document "Relief from a Judgment or Order." This pleading invoked the jurisdiction of the Court pursuant to Rule 60 of the Federal Rules of Civil Procedure and requested "relief from a judgment based on an oversight . . . ." Doc. 1, at 1. The pleading argued that the B.O.P. failed to credit plaintiff for time served in the custody of the U.S. Marshal Service between June 27, 2005 and September 28, 2006. *Id.* at 1-2. The pleading concluded with the request that the Court "amend the judgment and commitment to reflect its intention . . . so that Stevens may receive the credit for time served on his state sentence or reduce Stevens sentence by fifteen months and amend the Judgment and Commitment to reflect a Federal sentence of 105 months . . . ." *Id.* at 3.

On February 3, 2009 petitioner filed an amended petition using the form provided to prisoners for applications for federal writ of habeas corpus pursuant to 28 U.S.C. § 2241. Doc. 3. Therein petitioner complained of the Federal Bureau of Prisons' "failure to comply with the court's ordered judgment and commitment . . . ." Doc. 3, ¶2(h). Attached to his form petition was a pro se pleading entitled "Defendant's Request for Credit for Time Served Pursuant to 28 U.S.C. § 2241," requesting the Court "to order the Bureau of Prisons to comply with the Court's ordered Judgment and Commitment for credit for time served . . . ." Doc. 3, at 5. This pleading concluded with the request that the Court "amend the Judgement [sic] and Commitment to reflect its intention . . . to avoid any more confusion with the Bureau of Prisons so that Stevens may receive the credit for time served on his state sentence or reduce Stevens's sentence by fifteen months and amend the Judgment and Commitment to reflect a Federal sentence of 105 months . . . ."

*Law and Analysis*

Federal courts are courts of limited jurisdiction. Petitioner must point to some statutory authority which would allow this Court to consider his pleadings and requests for relief. Petitioner seeks modification of his sentence, but he offers no statutory authority for such action.[1] Title 18 U.S.C. § 3582 would permit modification of sentence, but only under certain circumstances and none of those circumstances apply herein.[2] Modification of sentence could be obtained in a Motion to Vacate filed pursuant to 28 U.S.C. § 2255, but even a liberal construction of these pro se pleadings would not authorize the Court to construe these pleadings as a Motion to Vacate.[3]

---

[1] Petitioner's reliance on Rule 60 of the Federal Rules of Civil Procedure is misplaced. The judgment he seeks to modify was rendered in a criminal proceeding.

[2] 18 U.S.C. §3582(c) provides, "The court may not modify a term of imprisonment once it has been imposed except that –

(1) in any case –
(A) the court, upon motion of the Director of the Bureau of Prisons, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that –
  (i) extraordinary and compelling reasons warrant such a reduction; or
  (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and
(B) the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure; and

(2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."

[3] Neither of the pleadings suggests error by the Court. Further, to the extent that petitioner might suggest that the Court misapplied the Sentencing Guidelines such a claim would not be cognizable in a Motion to Vacate filed

Finally, to the extent that petitioner challenges the BOP's computation of his sentence and release date, petitioner correctly seeks relief pursuant to 28 U.S.C. § 2241, but such petition "must be filed in the same district where the prisoner is incarcerated." *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000); *United States v. Garcia-Gutierrez*, 835 F.2d 585, 586 (5th Cir. 1998) (holding that claims for sentence credit to federal sentences are properly brought pursuant to § 2241). Petitioner is incarcerated in Beaumont, Texas and therefore his petition, to the extent that it arises under § 2241 is subject to dismissal for lack of jurisdiction.

Accordingly,

**IT IS RECOMMENDED THAT** the petitioner's "Relief from Judgment" [rec. doc. 1] and his petition for writ of *habeas corpus* [rec. doc. 3] be **DISMISSED WITH PREJUDICE** for lack of jurisdiction.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415 (5th Cir. 1996).

---

pursuant to § 2255. Compare *United States v. Williamson*, 183 F.3d 458 (5th Cir. 1999); *United States v. Cervantes*, 132 F.3d 1106, 1109 (5th Cir. 1998).

Thus done and signed in Chambers at Lake Charles, Louisiana, this 11th day of May, 2009.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE